Howell, J.
Plaintiffs allege that they are the owners of three certain lots of ground in McDonoghville, parish of Orleans, right bank of the Mississippi river, having a front on said river of about 120 feet, on which they conducted the business of blacksmithing, the repairing and manu- ■ facturing of boilers, and speculating in wrecked and damaged vessels, and for which purpose they required the constant and uninterrupted use of their premises fronting on the river; that the defendants, a commercial firm, own property near theirs, separated therefrom by Market street, and -have built on the whole width ■ of said street a wharf, which (since September, 1860, and up to filing this suit, April 8th, 1861) covers a portion, of plaintiffs’ land, and is occupied by defendants, thus obstructing and interfering with plaintiffs’ business, by which they have suffered damages.to the amount of $5,000. They pray, in general terms, for the possession of their property, and said amount as damages.
Defendants pleaded the general denial; judgment was rendered against them for the possession sought, and $1,500 damages, and they appealed.
. It is shown that in 1846 and 1849, plaintiffs bought three lots of ground, fronting on Market street, in McDonoghville, and that by the caving in of the bank, they eventually obtained along the side of their property an angular, and oblique front on the river; that in 1860, defendants built a wharf at the end of and on Market street, for the purposes of their drydock business, and, in the progress thereof obstructed plaintiffs’ business at times, by.mooring vessels along their front; but the only instanees in which actual damage is shown, the loss to plaintiffs amounted to $100/
Several witnesses state that at different times defendants kept vessels moored along the front of plaintiffs’property, and that boats could not then approach plaintiffs’ shop for repairs without moving said vessels, but' they do not say that any boats made an effort, and were actually prevented' from doing-so,'except in the instances above referred to. They state, besides, that plaintiff's themselves had vessels there during some of these occasions, and they do not distinguish between- them, so as to enable the' Court to determine the extent of the obstructions thus caused by defen- ■ dants. And in addition to this, the data as to the amount of work, business or profits of which plaintiffs were deprived, if any, beyond what we have stated, are not furnished with any accuracy. The amounts mentioned by one or two witnesses are merely conjectural, and not such as to warrant an estimate for a judgment.
It is shown that the wharf erected by defendants encroaches, at one corner thereof, upon plaintiffs’ land; but it is also shown, that the defen *479 dants were at one time about to remove that portion where plaintiffs objected; and it is shown that the latter have been in the habit'of making use of the wharf. But, as they are not bound to allow this private wharf to remain permanently on their land, they have the right to have it removed, and the possession of that portion of land restored to them, upon giving reasonable notice, which it appears they have done.
It is therefore ordered, that the judgment appealed from be amended so as reduce the amount of damages awarded from $1,500 to $100, and that as thus amended it be affirmed, defendants to pay the costs of the lower Court, and plaintiffs those of appeal.
Rehearing refused.